All right, our sixth case for this morning is United States v. Anderson, 21-1325. Mr. Henderson. Good morning. May it please the court. My name is Peter Henderson. I represent Denny Anderson. There are two potential convictions at issue here. One, the Florida aggravated assault and two, the Indiana battery conviction. I'd like to first talk about the Florida conviction. At the time we wrote the opening brief, it seemed pretty plain that Florida law included reckless conduct in this aggravated assault statute. That's what the federal courts of appeals to have looked at it concluded. That's what the solicitor general concluded. And very plainly in Kelly v. State, that's what a district court of appeal in Florida concluded, that when there is no proof of an intentional assault, then that element can be met by proof equivalent to culpable negligence. So we do think it's very plain that, in fact, this statute encompasses reckless conduct. Now, the 11th Circuit has since weighed in, and in the normal course, it certified the question to the Florida Supreme Court. In the normal course, I would say, well, of course, we ought to wait for the Florida Supreme Court to weigh in on this. The one complicating factor here is that Mr. Anderson, if we're correct, will have over-served the sentence. And so, again, as a matter of law, as we wrote in our reply brief, the most prudent course is to say, yeah, we're going to wait for summons. But to the extent the court thinks or agrees with us that this is, in fact, plain given the Florida District Court of Appeals decisions, I don't think there's an impediment to the court deciding the case now. But you would agree, would you not, that if the Florida Supreme Court takes what I'll call a more plain language approach to this Florida statute and says that it does not encompass reckless conduct, it's only higher levels of mens rea, then there's no relief to be given to him. If the Florida Supreme Court rules in favor of the position that you've taken, then we have other issues to talk about, the substitution issue. But one path is going to leave him in prison for a much longer time. That's partially right. I still think that there, so one of the concerns I'd have, let's say the Florida Supreme Court says this does not include recklessness. Mr. Anderson was convicted in 2000 of this offense with cases on the books at that time, for example, Kelly v. State from 1989 saying, well, reckless conduct could count. And so as we do the categorical approach, thinking about what a trial court in Pasco County is considering is sufficient evidence to convict, there may still be some room for argument. But I tend to agree with you that if the Florida Supreme Court says recklessness is not included, we have a much more difficult argument. And yet, so there is the substitution issue about the Indiana battery conviction. The finding of whether a prior conviction exists or it has been set aside is a factual question. And the district court here adopted the PSR, made a factual finding that that case had been dismissed. It did not rely on that battery conviction to impose an enhanced penalty. And the state court documents that the government has pretty unequivocally show that the state did dismiss this, the entire case. If you look at the motion to dismiss, it's entitled motion to dismiss, and it talks about the case. It doesn't talk about a probation violation, et cetera. So what if we downshift though? I mean, clearly that's an issue and this was a very messy situation, but downshifting a bit. I understand you also to be arguing that substitution under cases such as Dotson is acceptable only when the defendant had clear notice that a particular prior conviction was going to be used for enhancement purposes. And at the least, this is a pretty messy record. It's certainly messy. The fact though is, and we haven't really articulated that sort of Dotson notice argument. The government multiple times said they were going to rely on this conviction. The problem is that sentencing, and here's where the notice comes into play, is the pre-sentence report said that conviction doesn't exist. It's been set aside, it was dismissed. And so, and the district court accepted that. Which would deprive it of any notice value as well as any substantive value. Well, exactly. Now our position, of course, is that it's a factual finding. The cases are legion that say when one party doesn't object to the contents of the PSR and the court adopts the PSR, those are factual findings. So I think that the government has it's now making that, well actually we should construe this motion to dismiss as something other than a motion to dismiss the case. Because it permitted the district court to make a factual finding that that case had been set aside. So I'm anticipating the government's going to come back and say, well it actually wasn't a factual finding, it was a legal finding about the legal status of that earlier conviction as a matter of Florida law. As a matter of Indiana law, you mean? Sorry. Well, I mean, first of all, did the Florida court set it aside? I want to make sure we're, are we talking about the battery conviction? Okay, yeah, right. Yeah, okay. Yeah, I don't think it's really a legal argument though. It's does this conviction exist? Or was it set aside? Oh, sorry, yeah, so the Indiana, right, I'm sorry, I'm confusing you. No, it's no problem. County, yeah, right. You know, the existence of a prior conviction is a factual matter. I think we cited a case for that, Kirkland perhaps, Kirkwood, but that's how this court has treated it. On the law, of course, they lose too. I mean, you know, they don't mention the legal standard, which is section 921A20, says that if a state court sets aside a conviction, it no longer counts, even if it's a conviction in Indiana. And what the court found on Bonk and Buckmeyer was that's sort of an anti-mouse trapping provision to say state courts and government actors can't mislead a defendant into believing that his federal liability for possessing a firearm is either no longer existent or wouldn't subject him to higher penalties. By doing misleading things like sending civil rights restoration forms that are misleading, or in this case, dismissing an entire case, there's no ambiguity in the documents from the state court. The entire case was dismissed. This conviction was set aside. So we don't think this needs to go back for further development or further The record is pretty plain, and the bottom line is the district court accepted that this conviction had been set aside. That finding is not clearly erroneous. So I'll reserve the remainder of my time for the bottle. Thank you. Thank you. Mr. Gibson. Thank you, Your Honors. May it please the court, Patrick Gibson for the United States. We are requesting that the court hold this issue in abeyance pending the Florida Supreme Court's decision in Somers, and in the alternative, if not, we are asking the court to affirm. I can go into all the nuances of whether the aggravated assault qualifies as a crime of violence or not, but I'd like to address first a couple issues relating to the battery conviction from Hendricks County, Indiana. Um, this one was such a mess. I mean, first saying that was Marion County, not Hendricks County. I mean, just it seemed to me like the antithesis of the kind of notice that that Dotson and White were looking for. Yes, Your Honor. It was quite a mess with the record, but in the end, we still have the certified copy of conviction with that battery from October of 1995. Now, to be clear, the documents following that were also certified by the clerk with the indication of what happened afterwards and what followed. The difference between this case and Buckmeyer, which was cited by the defense in their brief, is Buckmeyer involves a defendant who specifically received notice of his voting rights. In this case, there were filings over and over again by the United States informing this defendant of his conviction. The documents were actually tendered in discovery in this matter, and it was listed in the pre-sentence report back in 2012 through the, when the defendant was first sentenced in this matter. But what do you do with the defense waiver argument? The government jumps all over waiver when it seems to favor the government, and the PSR said that there well may have been an earlier record of conviction, but if it was set aside, it was set aside. Yes, Your Honor. Looking at waiver, so in this matter, I don't believe it was a focus of the court or the parties at sentencing because the defendant was already being sentenced under the Armed Career Criminal Act. So if waiver did apply, then in every single sentencing, the United States would have to go through the report and find every single conviction that may qualify as an ACCA predicate and confirm that that is applicable. Isn't that the point of fair notice before you substitute a conviction so that we don't have to do that? You're saying we don't want to be in a situation where we have to do that in that context. Well, we don't want to be in a situation where we have to do it in this context either. Yes, Your Honor. And I understand the court's point with that, but I believe fair notice isn't offended in this case due to the fact that this conviction was tendered in discovery, listed in indictments, superseding indictments throughout the whole process, basically, until it got to that second sentencing in this point. Well, until it got to one of the most important documents at sentencing, which is the pre-sentence report. Absolutely, Your Honor. The second pre-sentence report in this case. But with no objections raised to that point and with it being listed in so many documents, it's the position of the United States that the principles of fair notice were not offended in this specific situation. I don't know that this end-of-the-world scenario you're painting is what would really happen, though. It seems to me if the government's looking for ACCA predicates, you know, usually we'll list three of them. But, you know, maybe then you have three other insurance policy ones. You've got somebody with a lengthy criminal history record. You don't have to look up every last one. You just have to make sure that if something unexpected happens to one of them, maybe there's one or two in reserve. Yes, Your Honor, that would be good practice. And I certainly believe that the prosecutor who was assigned the case did believe it was a predicate, with it being listed in the superseding indictment that was filed in 2019. Then why not object to the PSR when that prosecutor sees the PSR listed as a dismissed case under the arrest section? Your Honor, I believe it was just overlooked by the government at that time. Which would then be forfeiture. And if that's the court's position, I understand it, with the record being messy. But we do believe that with that certified document indicating the defendant was convicted, that that stands alone. And with that, that if the conviction was vacated, that the clerk would not have issued that document showing the defendant was convicted on that date in October of 1995. So with that, Your Honor, certainly with the circuit splits about what the elements of aggravated assault are, with some courts indicating that specific intent is required, and others indicating that it is not, we are asking the court to hold this in abeyance, pending the decision in Somers, and in the alternative to affirm. But with the certified conviction, with the battery, the United States understands that it was quite an array of documents which may be confusing. But with that certified copy of conviction, we do believe that it is enough, and that it may be used as a substitute conviction. And if there are no further questions from the court, we would ask the court to affirm. Thank you. All right. Thank you very much. Anything further, Mr. Henderson? Yes, Your Honor. So the government has said, well, it would be very difficult to go through the pre-sentence report and find every single conviction that might qualify. That's each party's burden at every sentencing hearing, is to go through the pre-sentence report. And if there's something that needs to be corrected, that's the time to correct it. So that's not a burden that is being introduced in this case. Every factual matter, you know, at a lot of sentencings, even just the fact of the offense, even if it weren't a violent felony, the fact that there was a conviction, the fact that, you know, he might get criminal history points for it, all of those things are important to the district court's discretion. And so to let the fact that this case was dismissed go by unchallenged, that it's just a forfeiture. And the district court didn't clearly err in finding that the case actually had been dismissed. The other thing, again, the government doesn't, the government keeps saying there's a certified conviction, but even convictions might not count as violent felonies because of the definition of the term crime punishable by a term exceeding one year under 18 United States Code Section 921-820. And that says that conviction for such a crime basically does not count for the purpose of that section of Title 18 when a conviction has been set aside according to the law of the state. And the Indiana documents make clear that in state court, this conviction was set aside, it was dismissed. So for those reasons, of course, pending the court's understanding of the Florida aggravated assault statute, we would ask that the court reverse and order Mr. Anderson's immediate release. Thank you. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement.